DONK BROS. COAL AND COKE COMPANY a Corporation Respondent, v. JAMES R. KINEALY, Garnishee of the GRANT QUARRY COMPANY, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. **Chattel Mortgage:** FRAUDULENT ON ITS FACE: GARNISHMENT. Appellant conveyed to J. R. Kinealy as trustee, the garnishee in this cause, real estate and personal property to secure certain indebtedness. The instrument authorized the trustee to, or not to, continue at his discretion, the business of the company, to rent an office, quarry rock, employ labor, to charge the trust fund with the expenses, to hold the property indefinitely, no sale of property being provided for. Held, that such an instrument or contrivance is fraudulent in law.

2. ———: ———: ———: TRUST FUND. No proposition of law is better settled than that trust funds are not the subject of garnishment, but on the other hand, it is as well settled that all conveyances of property made in fraud of creditors, are as to such creditors void.

3. ———: ———: GARNISHMENT. As against creditors, of which respondent is one, the property undertaken to be mortgaged was not impressed with any of the qualities of a trust, and was subject to be seized by the process of garnishment, and was seized in the hands of the garnishee.

4. ———: ———: ———: MONEY JUDGMENT. As the answer of the garnishee showed that he had no money in his possession belonging to appellant, the trial court was unauthorized to render the judgment against him that it did; it should have ordered him to deliver over property sufficient to satisfy the judgment rendered in favor of respondent and against appellant.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED (*with directions.*)

*Wm. B. Kinealy* for appellant.

(1) The deed of trust in this case is not void, but is legal and valid, and judgment should therefore have been rendered in favor of appellant. Hazell v. Bank, 95 Mo. 60; Van Raalte v. Harrington, 101 Mo. 611; Jaffrey v. Matthews, 120 Mo. 317; Dry Goods Co. v. Grocer Co., 68 Mo. App. 290; Alberger v. Bank, 123 Mo. 313; Wait on Fraud. Conv., p. 580, art. 330; 2 Bigelow on Fraud, p. 304; Gutta-Percha R. Co. v. Supply Co., 149 Mo. 538. (2) Even if the deed was void the property in the hands of appellant could not be subject to garnishment by a creditor. Calumet P. Co. v. Haskell, etc., Co., 144 Mo. 331. (3) It was error to render a money judgment against the garnishee, but the court should have ordered him to turn over sufficient property in his hands, to pay the judgment in favor of appellant. R. S. 1889, secs. 5221 and 5223; Lackland v. Garesche, 56 Mo. 265.

*John F. Green* for respondent.

(1) The terms of this deed of trust render it fraudulent and void on its face, as to attaching creditors, because: (a) There is no definite time appointed therein for its foreclosure, but it authorizes and empowers the trustee to continue and carry on the business of the grantor indefinitely, or as long as he may deem best. State to use v. Mueller, 10 Mo. App. 87; Bank v. Hughes, 10 Mo. App. 7; Oliver Gro. Co. v. Miller, 53 Mo. App. 107; Gutta-Percha R. Co. v. Supply Co., 149 Mo. 538; Bank v. Powers, 134 Mo. 432. (b) It provides that the trustee may, if he deems it best, sell the personal property conveyed to him on credit, at either public or private sale, with or without notice, at such time and on such terms of credit as he may deem best, without any limitation whatsoever. Wilhem v. Boyles, 60 Mich. 561; Moon v. Carr, 65 Mo. App. 64; Means v. Dowd, 128 U. S. 273. (c) And it is entirely

immaterial what the actual intentions of the parties to this deed were in making it.   Gutta-Percha R. Co. v. Supply Co., 149 Mo. 538.   (d)   And all creditors who accepted the provisions of this deed in their behalf were bound by its terms, and hence a court of equity would not attempt to control the discretionary powers vested by its terms in the trustee.   The validity of a chattel deed of trust may be contested in an action of attachment against the grantor by summoning the trustee therein as garnishee of the grantor.   Epstein v. Clo. Co., 67 Mo. App. 221; Gutta-Percha R. Co. v. Supply Co., 149 Mo. 538; Calumet Paper Co. v. Ptg. Co., 114 Mo. 331.

BLAND, J.—Respondent brought suit by attachment against the Grant Quarry Company and summoned James R. Kinealy as garnishee of said company.   The garnishee, in his answer filed herein, admits that the Grant Quarry Company conveyed to him certain personal property on June 8, 1898, and contends that he holds the said property so conveyed and transferred to him by the Grant Quarry Company, in trust for the purposes and objects set forth in said deed of conveyance, while plaintiff, in its reply, contends that said deed of trust is fraudulent in law and void as to attaching creditors, and that its fraudulent character appears from the face of the deed itself.   It was shown at the trial that said deed of trust conveyed to said garnishee all of the property of the Grant Quarry Company, and that the personal property thereby conveyed, was of the value of several thousand dollars.   The deed of trust was executed and recorded on June 8, 1898.   It conveyed to the trustee four pieces of real estate and numerous articles of personal property, consisting in part of steam engines, boilers, drills and quarry tools.   The deed was made to secure the payment of a large number of open accounts and promissory notes, the latter aggregating $15,874.24.   The conditions of the trust, so far as they affect this case, are as follows:   "If default be made in the due fulfillment of said

covenants and agreements, or any of them, then this conveyance shall remain in full force and the said party of the second part, or his successor in this trust may proceed to collect or sell the above described choses in action and sell the above described personal property and real estate. In selling the said choses in action and personal property the said party of the second part is hereby authorized and empowered to sell same at public or private sale, with or without notice, and on such terms and at such times and places as to the said trustee shall seem best.

"In case of the sale of said real estate the said party of the second part shall sell same, or such part thereof as he may deem necessary * * *.

"After said party of the second part shall have taken possession hereunder of the property hereby conveyed he shall expend such sums as he may deem necessary to collect said accounts and choses in action and to maintain and preserve said real and personal property, and to put same in good condition for sale, and if he deems it advisable he shall continue the business and operations of said party of the first part until this trust shall have been executed, or for such time as shall be necessary to prepare said property, or any part thereof, for sale. And if at any time during the continuance of this trust, the said party of the second part deems it advisable to quarry any rock from the premises hereby conveyed, or to employ any labor or purchase any material or things in order to put the property hereby conveyed in good shape or condition for sale, or to rent any premises or office for occupancy by him, he shall have power to do so and the expense thereby incurred shall be part of the expense of executing this trust. And in the execution of this trust and the powers hereby conferred the said party of the second part shall have full power and authority to employ such agents, clerks and laborers as he shall deem necessary, and the expense thereof shall be part of the expense of executing this trust * * *.

"If any of the property hereby conveyed shall remain unsold in the possession of said party of the second part after all of the above named amounts due on open accounts from said party of the first part and all expenses of executing the trust shall have been paid, the said party of the second part may, if he deems proper, cease the further execution of this trust and reconvey the property then remaining unsold in his possession to said party of the first part, provided the hereunto named T. J. Quinn, S. H. Hoffman, Casper Stolle, T. F. Maloney, William Stolle, Emma Kortkamp and German-American Bank, or so many of them as shall then remain unpaid, shall consent thereto."

The issues were submitted to the court sitting as a jury. After reading the deed of trust, respondent introduced a witness, who testified that the value of the personal property described in the deed of trust was about $6,000. Respondent admitted that all the debts secured by the deed of trust were *bona fide*. Appellant offered no evidence, but moved the court to declare the law as follows:

(1) "The court declares the law to be that on the evidence in this case the plaintiff is not entitled to recover, and the finding and judgment must be in favor of the defendant garnishee."

(2) "The court declares that this case is submitted to the court by the plaintiff to be decided in favor of the garnishee, unless the court must declare that, as a matter of law, the deed of trust executed by the Grant Quarry Company to James R. Kinealy, trustee and read in evidence in this case, is and was, at the date of its execution, absolutely void as to the creditors of said Grant Quarry Company."

(3) "The court declares the law to be that the court can not, from a mere inspection of the deed of trust executed by Grant Quarry Company to James R. Kinealy, trustee, and in absence of evidence as to the character of the business and operations therein referred to and the circumstances and condi-

tions surrounding the execution of said deed, declare, as a matter of law, that same is void, as to plaintiff, and the finding and judgment of the court must, therefore, be in favor of the defendant garnishee."

These instructions the court refused to give. Respondent asked no instructions, and none were given by the court of its own motion. The finding and judgment were for plaintiff, from which after an unsuccessful motion for new trial defendant appealed.

The contention of respondent is, that the deed of trust is fraudulent, and that the fraud is apparent on its face, because it vests the trustee with power to carry on the business of the Grant Quarry Company, as long as he sees fit, and because it leaves to the trustee the right to fix the time, terms and place of sale of the personal property conveyed by the deed. The deed permits and authorizes the trustee, if he deems it advisable, to continue the business of the Grant Quarry Company indefinitely and until the trust shall have been executed. He might or might not continue the business; he might or might not execute the trust—both are left optional with him. He is permitted by express grant of power to rent an office, to quarry rock from the premises conveyed, and to employ labor, and to charge the expense to the trust; no time is fixed for the sale of the personal property, nor terms of sale; both are left to the discretion of the trustee. Under the conditions of the trust the trustee might say to the officers of the Grant Quarry Company: "Gentlemen, as trustee, I re-employ you at your old salaries; proceed to carry on the business of the corporation as heretofore; the old scale of wages will be in force; employ what labor you need; make what contracts you deem advisable, only be careful to do all the business and make all the contracts in my name as trustee, and I will stand between the company and its creditors and hold the latter at bay until such time as you and I may agree to execute the trust."That such a contrivance is fraudulent in law, needs no

argument or citation of authorities in its support, but see Gutta-Percha R. Co. v. Supply Co., 149 Mo. 538; Moore *v.* Carr, 65 Mo. App. 64; Oliver-Fannie Grocer Co. v. Clark's Executor, 2 App. Rep. 453; Oliver-Fannie Grocer Co. *v.* Miller, 53 Mo App. 107; Epstein v. Clo. Co., 67 Mo. App. 221; Means v. Dowd, 128 U. S. 273.   Appellant contends that since the property was conveyed in trust it can not be reached by the process of garnishment.   No proposition of law is better settled than, that trust funds are not the subjects of garnishment.   On the other hand, it is equally well settled that all conveyances made in fraud of creditors, whether the fraud is actually or only constructive (fraudulent in law), are void as to existing creditors.   The conveyance in hand is on its face fraudulent as to the creditors of the Grant Quarry Company. As to these it is ineffectual to create a trust, and the nominated trustee is, as to them, but a stakeholder of the property he took possession of under the deed of trust.   As against the respondents the property in the hands of the garnishee is not impressed with any of the qualities of a trust.   Were the law otherwise, for the purpose of placing property beyond the reach of creditors, a fraudulent deed if only named in a trust deed, would be as effectual as a valid *bona fide* conveyance. The judgment in this case is a money judgment.   The answer of the garnishee did not show that he had a dollar in cash in his possession belonging to the quarry company, or that he owed that company a dollar, nor was there any evidence offered to show that he had realized a single dollar by collection or otherwise from any of the accounts or property passed to his possession under the deed.   It was therefore error to enter a money judgment against him.   The judgment should have been an order on him to deliver over property sufficient to satisfy the judgment, section 5221, Revised Statutes 1889.   Lackland v. Garesche, 56 Mo. 265.   For this error the judgment will be reversed, with directions to the trial court to enter up the judgment authorized by section 5221, *supra.*   All concur.