WALKEEN LEWIS MILLINERY COMPANY, Respondent, v. JOHNSON, Defendant; FIRST NATIONAL BANK OF MONETT, Garnishee, Appellant.

St. Louis Court of Appeals, April 14, 1908.

GARNISHMENTS: Order to Pay to Sheriff: Premature Judgment. On a trial of a garnishment proceeding, after a finding by the court that the garnishee is indebted to the defendant, a judgment ordered by the court in favor of the plaintiff and against the garnishee is premature unless the court has first ordered the garnishee to pay to the sheriff the amount found to be due and the garnishee has failed to comply with the order; such a judgment is not merely informal but irregular and contrary to the provision of the statutes which alone give authority in such cases.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED (*with directions*).

*Mayhew & Sater* for appellant.

(1) If money is found in the possession of garnishee the court must order the garnishee to pay the same into court and final judgment should not be rendered

until this is done. R. S. 1899, sec. 3452; Rucking v. Mc-Mahan, 76 Mo. App. 372. (2) The judgment in this case is irregular and should be set aside. Orvis v. Elliott, 63 Mo. App. 96; Jameson v. Kinsey, 75 Mo. App. 198; Bank v. Bredow, 31 Mo. 523.

*Peel & Sizer* and *D. H. Kemp* for respondent.

NORTONI, J.—Plaintiff instituted this suit by attachment against the defendant in the circuit court of Barry county. The First National Bank of Monett was duly summoned as garnishee in the case, and on Monday, September 4, 1905, the first day of the term, plaintiff filed in the court and exhibited to the garnishee proper interrogatories with respect to the funds, etc., of the defendant in its hands. During the same term and on the 8th day of September, the garnishee filed its answer to such interrogatories, denying that it had any property, funds, money, etc., of the defendant in attachment in its possession or under its control. In due time thereafter and during the same terms, plaintiff in attachment filed its reply to the answer of the garnishee, in which it alleged in substance that at the time of the service of the garnishment, defendant bank had in its possession $1,621.30 of moneys belonging to the defendant in attachment. There appears to have been no further pleadings on the part of the garnishee; that is to say, the garnishee filed no denial to the plaintiff's reply as contemplated by section 3451, Revised Statutes 1899, sec. 3451, Mo. Ann. Stat. 1906. However that may be, the issue presented by the garnishee's answer and reply of the plaintiff in attachment were heard by the court without a jury during the same term on September 22nd, as though such denial had been filed. The record discloses a judgment on the merits for $318.40; and in the attachment suit, judgment was given by the court in favor of the plaintiff and against the defendant in attachment during the same term of court, on the

8th day of September. The trial on the issues between plaintiff in attachment and the garnishee coming on to be heard on September 22nd, the judgment entered disclosed, first, that the court found the plaintiff had recovered judgment against defendant in the attachment suit during that term, on September 8th, for $318.40 with six per cent interest, etc. It further appears therefrom that the court, having heard the evidence, found that on the day of the service of garnishment, the garnishee had on deposit in its bank and in its possession, the sum of $1,621.30 in money belonging to the defendant in attachment, and that the garnishee had refused, and still refuses, to pay over to the sheriff who served notice of the garnishment, any portion thereof, etc. The court thereupon gave judgment for the plaintiff in attachment against the garnishee for the sum of $319 to draw six per cent interest, this being the amount then due on the judgment of plaintiff against the defendant in attachment. The costs in the cause were assessed at $121.79, and judgment entered against the garnishee therefor. An execution was ordered issued against the garnishee bank for such amount and costs. The garnishee appeals and insists the trial court should not have entered such judgment on the very day of, and simultaneously with, the finding on the issue against it. It is argued that the statutes provide the court shall give judgment against the garnishee only after it has failed to comply with the order of the court directing it to pay the fund to the sheriff into court, or execute a bond for its proper delivery, etc. In this connection, it is important to read and consider three sections of our statute on garnishment together. By section 3439 it is provided substantially that when, upon a trial of the issue, as had in this case, the court or jury find effects, money or debts belonging to the defendant in attachment to be in the hands of the garnishee, the garnishee may discharge himself before final judgment by paying or delivering

all of it, or so much thereof as the court shall order to the sheriff, etc. Section 3440, in so far as pertinent here, provides substantially that if it appears the garnishee was indebted to the defendant in attachment, the court may order payment of the amount owing by the garnishee to the sheriff, or into court at such time as the court may direct or may permit the garnishee to retain the same on his executing a bond to the plaintiff with approved security, conditioned that the property shall be forthcoming or the amount paid as the court may direct, etc. Section 3452 which authorizes the court to enter judgment against the garnishee under certain circumstances, expressly contemplates the proceedings mentioned in the two sections last above referred to. It is as follows:

"If, upon such trial, it shall appear that property, effects or money of the defendant are found in the hands of the garnishee, the court or jury shall find what property or effects, and the value thereof, or what money are in his hands, and unless he discharge himself, as provided in section 3439, by paying over or delivering the same to the sheriff, or unless he shall, within such time as the court shall direct, as provided in section 3440, pay or deliver up such property, effects or money, or shall execute his bond for the payment or delivery thereof, then the court shall enter up judgment against the garnishee for the proper amount or value as found in money, and execution may issue forthwith to enforce such judgment."

Now it seems that the judgment against the garnishee is authorized by this section only, where the garnishee has failed to avail himself of the privilege or failed to comply with the order of the court provided for in sections 3439 and 3440; that is to say, it appears the court is not authorized to enter the judgment until it has first made an order directing the garnishee to pay the money to the sheriff or into the court. In Groschke

v. Bardelheimer, 15 Mo. App. 353-360, the court said: "Until such order is made it would seem that there can be no judgment against the garnishee for the sum found by the jury in the garnishment proceedings." [See also Lackland v. Garesche, 56 Mo. 267-271; Donk Bros. v. Kinnealy, 81 Mo. App. 646-652.] In Rucking v. Mc-Mahon, 76 Mo. App. 372, it was adjudged by this court that final judgment against the garnishee contemplated by the statute, shall be given if the garnishee has failed to pay over the funds within the time fixed by the court. In other words, that final judgment is entered only after the garnishee has failed to comply with the interlocutory order. Now it appears from the record before us that garnishee did not avail itself of the privilege to pay the funds into the court or to the sheriff and thus obtain its discharge; but on the contrary, it denied that it had any money or other property of the defendant in its possession. Upon the issue thus made being tried, the court found the garnishee had on deposit $1,621.30 in money belonging to the defendant in attachment. Now the court made no order directing the garnishee to either pay this fund to the sheriff or into court, as contemplated by the statute. It recited in the judgment, however, that the garnishee bank refused and still refuses to pay over to the sheriff any part of the funds, etc. Now it appears that it was not until the finding of the court on the issue and the giving of this judgment that it was judicially ascertained the garnishee had any funds in its possession belonging to the defendant. In truth, it asserted it had none. The issue was tried and decided against it and simultaneously with this finding, without any order directing it to pay the moneys to the sheriff or into court, the judgment recites the bank had refused and continues to refuse to do so. As to the proposition thus presented, presumptions usually go in aid of the judgment of courts of general jurisdiction and obtain to the extent of vouching the absolute

verity of pertinent recitals therein.    However, where the fact or the record clearly affirm to the contrary, there is no place for presumptions of the law to supply. [Sowders v. St. Louis & San F. R. Co., 129 Mo. App. 119, 104 S. W. 1122.]    And so it is here; we cannot presume that the court had theretofore made an order on the garnishee to pay the money to the sheriff or into court when the judgment itself discloses that it was not until then the fact of the garnishee's indebtedness to the defendant in attachment had been determined.    Especially is this true when, upon a search of the entire record, it is obvious no such order was made.    It therefore appears the judgment was given against the garnishee prematurely, for the reason the statute authorizes it only after the garnishee had been given an opportunity and had failed to acquit itself by payment of the fund to the sheriff or into court.    The judgment entered against the garnishee was irregular; that is to say, it was a judgment given contrary to the course of the law, as pointed out by the statute, and for the reason of a want of adherence to the prescribed rule of procedure. [Tidd's Prac. (4 Amer. Ed.), 512; Downing v. Still, 43 Mo. 309-317.]    It is clearly a case of irregular procedure as contra-distinguished from an erroneous judgment, which is a judgment, although regulary rendered, given contrary to law.    [Orvis v. Elliott, 65 Mo. App. 96.] The garnishee's motion to that effect should have been sustained and the judgment set aside by the court below as for irregularity.

The question presents itself as to whether or not this irregularity is one affecting the merits of the controversy in the sense contemplated by our statute declaring the policy that judgments shall not be reversed on account of mere technical quibbles.    The proposition referred to is without influence here and should not be considered for the reason, if no other, that the garnishment proceeding is purely statutory.    [Wade on At-

tachments, sec. 333; 9 Ency. Pl. & Pr., 809.] No authority existed which authorized the court to enter judgment against the garnishee at all, other than that given by the statute. In contemplation of law, the garnishee is a disinterested third party, a mere stakeholder, who has no interest in the controversy between the plaintiff and defendant. [Wade on Attachments, secs. 326, 331, 340, 389.] Hence it is manifestly the purpose of our statute that he shall be subjected to the least possible inconvenience with respect to the fund garnished, compatible with the administration of complete justice between the real parties in interest. To the end, therefore, that the garnishee may acquit himself of all manner of responsibility without judgment or costs authorized to be taxed against him in some circumstances (sec. 3457, R. S. 1899; sec. 3457, Mo. Ann. St. 1906), the legislative authority justly prescribed the modes above indicated and authorized judgment and execution only after the garnishee had neglected or refused to obey the order of the court in that behalf. The fact that the garnishee fails or refuses to obey the order of the court with respect to surrendering the funds or property, repels the presumption which theretofore obtained in his favor to the effect that he is a mere stakeholder. Upon refusal to obey the order, he assumes an attitude of hostility and out of the exigencies of the situation, there arises a principle of justice upon which rests the rule of the statute authorizing judgment against him. This rule prescribes that the judgment may be given against the garnishee and in favor of the plaintiff, who theretofore had no cause of action against the disinterested stakeholder. It authorizes as well the issue of execution by which he may be annoyed and not only made to satisfy the amount of the judgment out of the fund or property in his hands found to belong to the defendant in attachment, but authorizes the taxation and collection of costs against the garnishee as well. [Sec. 3457,

R. S. 1899; sec. 3457, Mo. Ann. St. 1906.] Now it seems, under such circumstances, when a disinterested third party is drawn into a controversy between other persons and placed in a position of unwonted antagonism toward a party between whom and himself there exists no privity of contract whatever, that every right vouchsafed by the statute looking to his convenient discharge, should be awarded for his protection before he is adjudged the defaulting debtor of a person who has no rights against him other than those arising out of the proceedings under the statute. Indeed, the inherent justness of the fundamental notion involved is well sustained and reinforced when we remember that the garnishee is frequently called upon to defend his own property at his own expense. [Wade on Attachments, sec. 398.] The latter thought is important here only insofar as it points the proceeding to be in some respects in derogation of common right and therefore one invoking the rule with respect to strictness of procedure, insofar as the garnishee is concerned. It seems in this case the judgment entered was not only unauthorized by the statute but that it violated the rights of the garnishee as well, inasmuch as it adjudged him the debtor of the plaintiff, with whom there existed no privity of contract, and awarded an execution before he had been accorded the privilege of paying the fund into court. In that respect, it was certainly premature.

It is suggested the matter under consideration amounts only to an informality within the purview of our statute of jeofails, providing that judgments shall not be reversed for "informality in entering the judgment or making up the record thereof." [Sec. 672, R. S. 1899; sec. 672, Mo. Ann. St. 1906.] It may be said the word "informality" as defined by Bouvier, is a "want of customary legal form." It is quite clear there is no informality in the judgment before us in the sense given.

In matter of form, it is sufficiently precise. Instead of being informal, the judgment is premature, and for that reason it should be reversed in part, at least, and the cause remanded for further proceedings to the end that the controversy may be finally determined and the rights adjudged in accordance with the prescribed rules of procedure. The finding, insofar as the indebtedness of the garnishee bank to the defendant in attachment is concerned, is entirely regular. It is therefore unnecessary to retry that issue in the court below. The action of the circuit court was irregular and unauthorized only insofar as it gave judgment and awarded execution prematurely against the garnishee. Substantial justice requires that it be reversed thus far only. To the end, therefore, that the court may make proper orders on the garnishee to pay the fund to the sheriff or into court before giving judgment and awarding execution, the judgment will be reversed and the cause remanded with directions to the trial court to proceed in accordance with the views herein expressed. It is so ordered. *Bland, P. J.,* concurs; *Goode, J.,* dissents.