H. D. LAUGHLIN, Assignee of DANIEL JONES, Respondent, *vs.* THOMAS T. JANUARY, Garnishee of J. B. RODGERS, Appellant.

1. *Garnishee before justice must move to set aside default—Constr. Stat.*—A garnishee, against whom judgment has gone by default before a justice, must move to set the same aside within ten days thereafter, (Wagn. Stat., 846, 847, §§ 1, 2) as a condition precedent to his right of appeal.

2. *Garnishment—Interrogatories may be by parol.*—Interrogatories on garnishment before a justice need not be in writing. (Wagn. Stat., 668, 669, § 27.)

3. *Garnishee—Judgment by default against fixes liability—Subsequent proceedings relate to measure of damages.*—Where a garnishee is summoned he stands in the attitude of a defendant, and judgment against him by default fixes his liability, although it may be for an uncertain amount, till evidence is adduced on the subject. Proceedings subsequent to the default relate merely to the measure of damages.

*Appeal from St. Louis Circuit Court.*

*Bell & Thompson,* for Appellant, cited Wagn. Stat., 669, § 30; 668, § 27; 847, § 2; Brotherton vs. Anderson, 6 Mo., 388.

*Laughlin, pro se.,* cited, Garnet vs. Rodgers, 52 Mo., 145.

WAGNER Judge, delivered the opinion of the court.

In this case the defendant was summoned before a justice of the peace, as garnishee of one Rodgers, against whom there had been a judgment in favor of the plaintiff.

The record states, that on the return day the case was called, the plaintiff appearing; that the garnishee being called came not but made default, and the case was then continued; that on the day to which the continuance was had, the case was again called and also the garnishee, but he was still absent and made default, and no answer on his part being filed, the justice after hearing the evidence, rendered judgment against him. From this judgment the garnishee in due time appealed to the Circuit Court, where on motion of plaintiff the appeal was dismissed on the ground that the judgment of the justice appealed from, was a judgment by default, and that no motion to set aside the default had been made before the appeal was taken.

It is now contended that the law limiting the right of appeal has no application to a garnishee, because he is not an original party to the record, and that being brought in by a collateral proceeding, his right to appeal within ten days is not coupled with any restriction. But the statute will not bear that interpretation. It makes no such distinction. It provides that "any person aggrieved by any judgment of a justice of the peace, except a judgment by confession, may, in person or by his agent, make his appeal therefrom, unless otherwise provided by law, to the Circuit Court of the same county where the judgment was rendered." (Wagn. Stat., 846, § 1.) The appeal here is not confined to the original parties to the action, but to any person aggrieved by the judgment. The next succeeding section then declares that "no appeal shall be taken from a judgment by default or of non-suit, unless, within ten days after the rendering of such judgment, application shall have been made to the justice by the party aggrieved, to set the same aside, and such application shall have been refused." By these two sections the right to appeal and the limitation on that right go together, and apply to any person aggrieved by the judgment.

It is said, there could be no judgment by default against the garnishee, because the record does not show that any interrogatories were filed. But that is not required in proceedings before justices of the peace. The statute declares that certain interrogatories, and none other, shall be propounded to a garnishee summoned in a suit before a justice of the peace, which he shall answer on oath. (Wagn. Stat., 668, § 27.) It is not necessary that the inquiries should be reduced to writing and filed; they may be propounded orally. The 30th section of the same law in reference to garnishment, (*Id.* 669) provides, "If any garnishee, being duly summoned, fail to appear at the proper time, or appearing, fail to make full and direct answers upon oath, to the interrogatories, the plaintiff may take judgment against him by default, which may be proceeded on to final judgment in like manner as in cases between plaintiff and defendant."

After the default is taken, the ulterior proceedings are merely in the nature of an inquiry of damages. When the garnishee is summoned he then stands in the attitude of a defendant, and his default fixes his liability, though it may be to an uncertain amount, till evidence is adduced on the subject. But his failure to appear authorizes the judgment by default, and being in default he must move to set it aside in accordance with the statute before he can take an appeal.

The result is, that the judgment should be affirmed; the other judges concur.