THOMPSON *v.* THOMPSON, et al.

No. 41055 — March 2, 1959 — 109 So. 530

*Adams, Long & Adams,* Tupelo, for appellant.

*Mitchell & McNutt,* Tupelo, for appellee.

LEE, J.

Mrs. Lela Putt Thompson appealed from a decree of the Chancery Court of Union County which set aside a former decree of the court awarding a money judgment against Paul Anthony Construction Company, Inc. Garnishee.

On June 26, 1956, Mrs. Thompson was granted a divorce from her husband, Arthur S. Thompson, together with custody of the two children of the marriage, and a decree against the father in the sum of $40 per month for the support of the children. Thereafter, on August 28, 1957, payments were in arrears in the amount of $1,-000.30, and Mrs. Thompson, through her attorneys, suggested that Paul Anthony Construction Company, Inc., was indebted to Thompson, and prayed for the issuance of a writ of garnishment. The writ was issued and was served personally on Paul Anthony, as President of the Company. Instead of consulting a lawyer and filing an answer, as provided by Section 2788, Code of 1942 Recompiled, Anthony called the chancery clerk over the telephone, told him that the company did not owe Thompson anything, and that he had not worked for it in a

long time. Thereupon the clerk advised that, if Anthony would write a letter to that effect, it would not be necessary for him to come to court. As a result of the instructions from the clerk, Anthony on September 17, 1957, wrote the following letter:

"Chancery Clerk of Union County
"New Albany, Mississippi

"Dear sir:

Arthur S. Thompson was employed by the Paul Anthony Construction Company, Inc., from August 11, 1955, to September 24, 1955. During this time he earned $324.75."

The clerk received the letter promptly. However he did not mark it filed nor did he note it on the docket, but simply placed it in the back of the court file. On the return day, counsel for Mrs. Thompson, finding neither an answer nor the letter, moved the court for a decree pro confesso and a final decree. The chancellor looked through the file but found no answer. Neither was the letter called to his attention. Consequently a decree by default for the full amount of the arrears was granted. After the adjournment of court and the lapse of ninety days thereafter, counsel called on the garnishee for payment.

Anthony, for the corporation, promptly filed an affidavit that the corporation was not indebted to Thompson, set up the foregoing facts in excuse of the failure to file a proper answer, and prayed that the decree against it should be set aside.

On the hearing of the cause, the facts were disclosed to be as stated above. The chancellor, in his written opinion, held that the clerk, under the circumstances, should have filed the letter and noted it on the docket; that, if this had been done, he would not have entered judgment against the garnishee without giving it an opportunity to amend and file an answer in keeping with

the requirements of the law; and that equity required that the judgment should be set aside and the company be allowed to file an answer. A decree was entered in accordance with the findings.

In the case of Hussey v. Hussey, 224 Miss. 856, 82 So. 2d 444, there was a decree against J. H. Hussey in favor of his wife Anna Rita Russey, in the sum of $750, which had not been paid. A writ of garnishment was issued and served on the Planters Hardware Company. It did not answer, but wrote a letter to the chancery clerk, informing him that Hussey had left the company's employment on March 14, 1953, at which time, he was paid in full what the company owed him; and that the company would be glad to supply any further information if needed. The clerk notified the attorneys for the judgment-creditor as to the contents of the letter, but, without further ado, a final decree was entered for the total sum. The opinion cited a number of previous decisions of this Court, and, within the meaning of those decisions, held that "the garnishee did not wholly make default but filed in due time a purported answer in a good faith effort to give the information called for by the writ, coupled with an offer to supply additional information if needed; and that the final judgment was unauthorized in the absence of some action on the part of the judgment creditor to challenge the sufficiency of the purported answer and to require a fuller answer in accordance with the statutory requirements, and that the defects and insufficiencies of the purported answer were such as could have been cured by amendment if its sufficiency had been challenged at any time before the final judgment was taken against the garnishee."

· ▆▆ ▆ Anthony's letter was not an answer in statutory form. Neither did it expressly state that the company was not indebted to Thompson. However, working men, as a general rule, do not wait two years to collect their wages. If the filing of the letter had been

noted on the docket, it would have been sufficient, under the circumstances, to apprise both counsel for Mrs. Thompson and the court that the company was not indebted to the defendant. Under Hussey v. Hussey, supra, the Court would not have been justified in entering a final judgment in the absence of a challenge of the purported answer. The learned chancellor, in his written opinion, stated positively that he would not have made such an order if he had known of the letter. The unjust judgment against the company resulted from the failure of the clerk to note the filing of the Anthony letter. The same situation could have resulted even though a proper answer had been lodged with the clerk, if the filing thereof had not been noted on the docket, and the paper, in some way, had been absent from the court file.

From which it follows that the decree of the trial court, in setting aside the judgment against the garnishee, ought to be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.