**Ethel B. CHENOWETH, Plaintiff-Appellant,**

v.

**William E. LA MASTER and Willie D. LaMaster, Defendants-Respondents,**

**Rangeline Truck and Implement Co., Inc., Garnishee-Respondent**

No. 7898.

Springfield Court of Appeals.

Missouri.

Jan. 30, 1961.

Henry Warten, Joplin, for plaintiff-appellant.

Dale Tourtelot, Joplin, for respondent-garnishee.

RUARK, Judge.

This is an appeal from an order setting aside a judgment previously rendered. The motion upon which the judgment was set aside was filed more than thirty days after entry of the judgment.

Plaintiff-appellant obtained a judgment against defendants LaMaster. Thereafter general execution was issued, and in aid of that execution the respondent Rangeline Truck and Implement Co., Inc., was summoned as garnishee. Interrogatories were filed, but the garnishee failed to answer. On October 12, 1959, and after proper lapse of time, appellant (the judgment creditor) took judgment by default. This judgment, after reciting the fact that interrogatories were filed, proper notice of such was given, and default was made in answer, declared:

"* * * all and singular the matters in issue are submitted to the Court for trial, and after hearing all of the evidence and being fully advised in the premises the Court finds that on the 29th day of June 1959 the plaintiff obtained a judgment against the defendants in the sum of $1274.55 with interest accrued in the sum of $22.35 making a total debt now due in the sum of $1296.90, the Court further finds the issues in favor of the plaintiff and against the garnishee herein and that the plaintiff is entitled to recover the said sum of $1296.90 of and from the garnishee herein

"It is therefore ordered and adjudged by the Court that the plaintiff have and recover of and from the garnishee the Range Line Truck and Implement Co. Inc. the sum of $1296.90 the amount of the judgment found to be due the plaintiff by the defendant and owing the defendant by the garnishee togeth-

er with the costs of this cause, and that execution issue therefor."

On December 3, 1959, general execution was issued against the garnishee. On December 15, the garnishee filed its verified motion to set aside the judgment, motion to quash execution, and its (belated) answer to interrogatories. The motion to set aside stated that the garnishee owed the judgment debtor nothing either at the time of garnishment or since; that when served with summons its president examined the records, found that garnishee owed nothing, and honestly believed that because it didn't owe he didn't have to answer. It pleaded irregularity patent on the record because (a) no evidence was taken on whether the garnishee owed the debtor, (b) no officer of the corporation was attached to compel answer, (c) no prior or interlocutory order was entered requiring the garnishee to pay in any funds, and hence there was no default in compliance with such (nonexistent) order. On April 28, 1960, the garnishee-respondent's motion to set aside was sustained; and after unsuccessful motion to negate the foregoing ruling and motion for new trial, the judgment creditor has appealed.

■ The transcript of the record and the history recited in appellant's statement show the judgment above-mentioned to have been the only order or judgment rendered against the garnishee. Therefore, our first question is: *was the judgment premature* and thus "irregular"?

It is obvious that the judgment purports to be a final one for the full amount of the debt and interest which had been found and adjudged in the principal action between the judgment creditor and debtor. It does not purport to find the amount due from the garnishee to the judgment debtor, and it does not require the garnishee to pay in the amount due from him to the judgment debtor. In other words, it is simply a general judgment for money.

The garnishment statutes contained in Chapter 525 are a confusing hodge-podge. However, the Missouri courts have construed and put them together into a workable code,[1] and it is now clear that before any final judgment can be rendered against a garnishee it is necessary that an order (interlocutory judgment) be made requiring the garnishee to pay over unto the sheriff or into the court the amount of money owing by him to the judgment debtor, or give bond for retention of the same. This permits the garnishee to discharge himself, and any final judgment rendered against him before he has been given such opportunity is premature and void, or at least "irregular." Panagos v. General Cigar Co., Mo.App., 268 S.W. 643; Ralston Purina Co. v. King, Mo. App., 101 S.W.2d 734; Gilbert v. Malan, 231 Mo.App. 469, 100 S.W.2d 606, 616; Roberts v. Meek, Mo.App., 45 S.W.2d 537; Walkeen Lewis Millinery Co. v. Johnson and First National Bank, 130 Mo.App. 325, 109 S.W. 847; Brotherton v. Anderson, 6 Mo. 388 (this last case overruled because of the remedy). Quite obviously, before the order can be made directing the garnishee to pay in the amount owing by him, there must be a determination which fixes that amount.

As stated in the Walkeen Lewis case, supra, 109 S.W. 847, 849, "In contemplation of law the garnishee is a disinterested third party, a mere stakeholder, who has no interest in the controversy between the plaintiff and defendant. * * * Hence it is

---

1. The general rules pertaining to procedure in garnishment cases can be gathered from Walkeen Lewis Millinery Co. v. Johnson and First National Bank, 130 Mo.App. 325, 109 S.W. 847; Linen-schmidt v. Continental Casualty Co., 356 Mo. 914, 204 S.W.2d 295; Frohoff v. Casualty Reciprocal Exchange, Mo.App., 113 S.W.2d 1026; Ivy v. La Rue, Mo. App., 158 S.W.2d 232; Donk Bros. Coal & Coke Co. v. Kinealy, 81 Mo.App. 646; see Jacques v. Goggin, 362 Mo. 1005, 245 S.W.2d 904; Western Stoneware Co. v. Pike County Mineral Springs Co., 172 Mo.App. 696, 155 S.W. 1083; Cusick v. Cusick, Mo.App., 201 S.W.2d 437; and the cases next cited in the text.

manifestly the purpose of our statute that he shall be subjected to the least possible inconvenience with respect to the fund garnished compatible with the administration of complete justice between the real parties in interest. To the end, therefore, that the garnishee may acquit himself of all manner of responsibility without judgment or costs authorized to be taxed against him in some circumstances * * *, the legislative authority justly prescribed the modes above indicated, and authorized judgment and execution *only after the garnishee had neglected or refused to obey the order of the court in that behalf.*" (Our emphasis.)

At first glance it might seem this works a hardship on the judgment creditor because usually he has no means of knowledge as to the amount due. However, he has his remedy, one which could have well been used in the instant case—that of having attachment of the body of the garnishee. We daresay that had that just and proper remedy been used in the instant case the garnishee would have quickly abandoned any ideas it might have had concerning the ignoring of a summons.

■ Since we have found that the final judgment rendered against the garnishee was void or irregular (depending upon which opinion is followed), the next question is whether the motion to set aside was a proper and usable remedy. Quite obviously, no action having been taken within thirty days after rendition of the judgment, the judgment became final under our regular code procedure and the jurisdiction of the court ended. See Section 510.340, V.A.M.S.; Supreme Court Rule 75.01, V.A.M.R.; Bradley v. Bradley, Mo.App., 295 S.W.2d 592. But the motion presented was one based on *irregularities* and is the motion originated in the common law, recognized by and extended (as to time for filing) in Section 511.250, V.A.M.S. Cross v.

Gould, 131 Mo.App. 585, 110 S.W. 672, 675; Poindexter v. Marshall, Mo.App., 193 S.W. 2d 622, 625; In re Jackson's Will, Mo.App., 291 S.W.2d 214, 222. This common law remedy is applied not necessarily when the judgment complained of is void, but where there has been an irregularity whereby the rights of the parties have been prejudiced because of some failure to adhere to the established rules or mode of procedure in the orderly administration of justice.[2] Cross v. Gould, 131 Mo.App. 585, 110 S.W. 672; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103; Wooten v. Friedberg, 355 Mo. 756, 198 S.W.2d 1; Carr v. Carr, Mo., 253 S.W.2d 191; White v. Huffman, Mo.App., 304 S.W.2d 909; Ruckman v. Ruckman, Mo.App., 337 S.W. 2d 100; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132; In re Jackson's Will, supra, 291 S.W.2d 214, 222(15). Specifically, the rendition of a premature judgment is an irregularity to which the motion is applicable. Poindexter v. Marshall, Mo.App., 193 S.W. 2d 622; Walkeen Lewis Millinery Co. v. Johnson, supra, 109 S.W. 847.

■ Some of the cases cited by appellant deal with motions in the nature of writs of error *coram nobis* and some with suits or motions laid in equity. We dispose of these cases without expanding our opinion unnecessarily by pointing out that in *coram nobis* the meat of the writ is that an unknown fact or facts are involved. In suits or motions based on equitable powers, there are considerations of fraud, diligence, meritorious defense, and other matters we need not consider here. In the instant case the record only is concerned. In this record it is obvious that certain essential proceedings which should have been had were not had. There should have been a finding of the amount due from the garnishee to the judgment debtor *and* an order upon the garnishee to pay in, and so discharge itself. It is apparent on the face of the record that

2. As distinguished from a merely erroneous judgment. McFadden v. Mullins, 234 Mo.App. 1056, 136 S.W.2d 74; Robb v. Casteel, Mo.App., 340 S.W.2d 180; Casper v. Lee, 362 Mo. 927, 245 S.W. 2d 132; Edson v. Fahy, Mo., 330 S.W.2d 854; Rubbelke v. Aebli, Mo., 340 S.W.2d 747.

these necessary preliminaries to a final and general judgment were skipped over and ignored. Hence the irregularity is patent.

We would conclude here were it not for the fact that appellant cites, and obviously places great reliance upon, Roach v. Montseratt Coal Co., 71 Mo. 398, which overruled the Brotherton case in 6 Mo. previously cited. This case would be a stumper were it not for the fact that the motion was directed to the judgment of a justice of the peace. Section 511.250 (then Section 26, p. 1062, R.S.1872) plainly extends the time for motions such as this *only to judgments of courts of record*. That decision is not opposed to what we have heretofore said.

Our conclusion is that the motion to set aside the judgment was properly sustained and the action of the court thereon should be affirmed. It is so ordered, and the cause is remanded for further proceedings consistent herewith.

STONE, P. J., and McDOWELL, J., concur.