Gregory Robert GRIMM, Individually and
as Assignee of Wilmer H. Grimm,
Plaintiff-Appellant,

v.

Steve SINNETT, Defendant,

Sinnett Lacquer Manufacturing Co.,
Garnishee-Respondent.

No. 38707.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 9, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Application to Transfer Denied
July 24, 1978.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for plaintiff-appellant.

Bryan, Cave, McPheeters & McRoberts, Lewis B. Shepley, David S. Slavkin, St. Louis, for garnishee-respondent.

DOWD, Judge.

A garnishment proceeding involving an interlocutory default judgment against the garnishee. On May 29, 1969 plaintiff Gregory Robert Grimm, then age 16, was injured when Steven Sinnett, then age 17, struck him in the mouth with a pool cue at a local high school. As a result of a jury trial, Gregory Grimm obtained a judgment against Steven Sinnett for $10,000 and Grimm's father a judgment for $1,049.09 for dental and medical bills. Plaintiff's father assigned his judgment to plaintiff on May 21, 1976. As of May 15, 1976, the judgment plus accrued interest amounted to $13,862.33.

On or about May 6, 1976 plaintiff filed a request for garnishment to issue to Sinnett Lacquer Manufacturing Company, where Steven Sinnett was employed as a salesman. A summons was served on the garnishee on June 2, 1976 returnable August 19. Plaintiff sent interrogatories to the garnishee on August 13, 1976. An interloc-

utory default judgment was entered against garnishee Sinnett Lacquer Manufacturing Company on August 31, 1976, for failure to answer plaintiff's interrogatories within 10 days of being served with them, as required by Rule 90.13. Also on August 31, 1976, plaintiff filed a notice to garnishee which stated that on September 13, 1976 "plaintiff will proceed to final judgment against Garnishee Sinnett Lacquer Manufacturing Company under the provisions of Rule 90.16 Missouri Rules of Civil Procedure."

At the final judgment hearing, Warren Abell, who kept the payroll records for the garnishee, testified as to the manner in which he processed the garnishment. He withheld 25% of Steven Sinnett's after-tax wages for two pay periods. Then, on July 3, 1976 Steven Sinnett was married, and afterwards Warren Abell withheld 10% of Sinnett's after-tax wages for the next three pay periods, ending August 15, 1976. The total amount withheld was $293.60. Warren Abell further testified that he answered plaintiff's interrogatories and mailed them to the clerk of the circuit court by certified mail, along with a check for $293.60. He presented the return receipt showing that the answers to the interrogatories had been delivered to the circuit clerk on August 19, 1976. The garnishee moved to set aside the default judgment at these proceedings. He filed a new set of answers to interrogatories on September 14, 1976, with a new check in the amount of $293.60.

On November 5, 1976 Judge Richard Mehan ordered the default judgment against Sinnett Lacquer Manufacturing Company set aside for good cause shown. He also concluded that even if there was no good cause to set aside the default judgment, the amount due from garnishee would still be $293.60, and ordered the garnishee discharged.

■ Plaintiff claims the trial court erred in setting aside the default judgment.

Rule 74.05 provides that an interlocutory default judgment may be set aside at any time before damages are assessed or final judgment rendered for good cause shown. Our standard of review is to determine whether the trial court abused its discretion in setting aside the default judgment. *Fulton v. International Telephone & Telegraph Corp.,* 528 S.W.2d 466, 469[4] (Mo.App. 1975); cert. denied 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976). The propriety of the trial court's action in setting aside a default judgment must be judged by whether it was predicated upon "good cause." *Corzine v. Stoff,* 505 S.W.2d 162, 164[3] (Mo.App.1973). The term "good cause" connotes a remedial purpose in a matter addressed primarily to the conscience of the court and should be interpreted with commensurate liberality, not only to prevent a manifest injustice but to avoid a threatened one. *Vaughn v. Ripley,* 416 S.W.2d 226, 288 (Mo.App.1967). The trial court is vested with considerable discretion in ruling on motions to vacate judgments. *Vaughn v. Ripley,* supra. An appellate court is less likely to interfere when the trial court has set aside a default judgment than when it has not. *Corzine v. Stoff,* supra. Based on the record and the principles set out above, we hold the trial court did not abuse its discretion in setting aside the default judgment.

■ Plaintiff next argues the garnishee failed to plead and prove it had good reason for failure to file timely and proper answers to the interrogatories. We disagree. The testimony of Warren Abell and the garnishee's exhibits clearly demonstrated that the interrogatories had been timely answered and mailed by certified mail, but had never been placed in court files and were apparently lost. Thus good cause existed to set aside the default judgment. Rule 74.05; *Hinson v. Hinson,* 518 S.W.2d 330 (Mo.App. 1975).[1] Furthermore, because of the lost answers, the court was fully justified in

---

1. See *Thompson v. Thompson,* 236 Miss. 31, 109 So.2d 530 (1959) where the clerk's failure to note on the docket a letter (which the court found to be an adequate substitute for a proper answer to writ of garnishment even though not an answer in statutory form) justified the setting aside of a default judgment.

considering garnishee's new set of answers even though they were not filed within the time limits of Rule 90.13. Plaintiff's points regarding these issues are without merit.

Plaintiff next contends that the garnishee's first set of answers to the interrogatories had no legal effect because they were not signed or notarized. Rule 90.13 requires that the garnishee file the answers under oath. The garnishee's payroll clerk testified that he answered the interrogatories by typing the answers on the interrogatories and mailed them to the court by registered mail. The answers were not signed nor given under oath. The judge found that this first set of answers "were never placed in the court files and are apparently lost." Apparently they were found at some point since they appear in the record. On the day following the hearing for damages, the garnishee filed a second set of answers to the interrogatories.

Our research discovers no Missouri case ruling on the effect of failing to answer interrogatories in a garnishment under oath.

At least one other jurisdiction has concluded that an unverified answer is not automatically void. In *Hussey v. Hussey,* 224 Miss. 856, 82 So.2d 442 (1955) the garnishee wrote a letter to the clerk instead of answering the garnishment writ under oath. The court found him in compliance with the rules, stating, "the garnishee did not wholly make default but filed in due time a purported answer in a good faith effort to give the information called for by the writ . . . [and] the defects and insufficiencies of the purported answer were such as could have been cured by amendment if its sufficiency had been challenged at any time before final judgment was taken against the garnishee." 82 So.2d at 447. Presumably the requirement that answers be verified exists due to the rule that a garnishee's answer is presumed true unless excepted to or denied. Rule 90.20; *Frohoff v. Casualty Reciprocal Exchange,* 113 S.W.2d 1026[7] (Mo.App.1938). Plaintiff has not been injured by the lack of oath since the second set of answers filed Sep-

tember 14, 1976, contained the same responses as the lost first set of answers. If plaintiff disputed the answers or felt they were insufficient he could have excepted to them under Rule 90.17 or denied them under Rule 90.18. He did not do so. Since the garnishee answered in good faith and substantially complied with Rule 90.13, and plaintiff has not been injured by the garnishee's failure to answer the first set of interrogatories under oath, the trial court did not err in holding the lost, unsworn, unsigned, answers sufficient to fulfill garnishee's obligation under Rule 90.13. The point is dismissed.

Plaintiff next contends that the judge erred in allowing Warren Abell to testify concerning the amount due under the garnishment, as this testimony "constituted Answers to Interrogatories out of time, and such evidence was not properly before the court." We disagree. Rule 90.-16 states "no final judgment shall be rendered against the garnishee until there be final judgment against defendant, and in no case for a greater amount than the amount sworn to by the plaintiff, with interest and costs, *or for a greater amount than the garnishee shall appear to be liable for to the defendant.*" (Emphasis added) The liability of a garnishee is measured by its liability to defendant. *Tom Houlihan Men's Wear v. Wilkerson,* 407 S.W.2d 58, 60[3] (Mo.App. 1966). Thus it is incumbent upon the trial court to determine what amount the garnishee owed defendant, and in fact a judgment against a garnishee is void or irregular without a determination of the amount due from garnishee. *Chenoweth v. La Master,* 342 S.W.2d 500[1] (Mo.App.1961). Evidence must be adduced to fix the measure of damages. *Laughlin v. January,* 59 Mo. 383 (1875). Under our statute the maximum amount that could be garnisheed from defendant's wages during the garnishment period was 25% per day period when he was unmarried, and 10% per day period after he was married. RSMo § 525.030(2). Warren Abell's testimony concerning how much defendant earned and how much was withheld from the earnings directly bore on the

issue of the garnishee's liability to defendant. The court did not err in admitting this testimony, nor did it err in finding that only $293.60 of defendant's wages was subject to garnishment based on this testimony. See *Texas Co. v. Asphalt Distributing Co.*, 224 Mo.App. 1192, 33 S.W.2d 1003, 1004[2, 3] (1931).

 Respondent garnishee contends it is entitled to attorneys' fees and costs under Rule 90.23 because plaintiff did not accept the amount of judgment assessed by the trial court but chose to appeal. Rule 90.23 reads in part, "If any plaintiff in attachment shall cause any person to be summoned as garnishee, and shall fail to recover judgment against such garnishee, all the costs . . . shall be adjudged against such plaintiff . . . ." Since the plaintiff did *not* "fail to recover judgment against such garnishee," but in fact recovered $293.60, the rule does not apply. Respondent's contention is denied.

The judgment is affirmed.

STEWART, P. J., and REINHARD, J., concur.

