**Orlan SHANKS et al.,**
**Plaintiffs-Respondents,**

v.

**Doug E. WILLIAMS, Defendant,**

v.

**MID–WESTERN FARM LINES, INC.,**
**Garnishee-Defendant-Appellant,**

v.

**EMPIRE BANK, Garnishee.**

No. 12170.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 27, 1981.

Donald E. Bonacker, Bonacker & Reynolds, P. C., Springfield, for respondent Orlan Shanks.

J. Bruce McCurry, Dickey, Allemann & McCurry, Springfield, for garnishee-defendant-appellant.

BILLINGS, Judge.

This is an appeal by Mid-Western Farm Lines, Inc., garnishee, from the order of the trial court denying its motion to quash garnishment and to set aside judgment. We reverse and remand with directions.

Plaintiffs Shanks and Bradley obtained judgment against defendant Williams on July 8, 1980. Execution was issued and Williams' employer, Mid-Western, was summoned as garnishee. Interrogatories were filed but Mid-Western failed to answer. Certain property of Williams was sold by the sheriff and the proceeds credited against the amounts owing to Shanks and Bradley.

Without notice to Mid-Western, interlocutory judgment by default was entered against it and in favor of Shanks on November 19, 1980, the order stating the court would determine the amount of the judgment on November 26. On that date, and without notice to Mid-Western, the court entered judgment against Mid-Western in the amount remaining unpaid under Shank's judgment against Williams. Neither the interlocutory nor final judgment determined the amount, if any, Mid-Western owed Williams, nor did either order require Mid-Western to pay over to the sheriff or into the court the amount of money owed by Mid-Western to Williams, or give bond for retention of the same.

On February 4, 1981, execution was issued on the November 26, 1980 judgment and Empire Bank summoned as garnishee. In answer to interrogatories, Empire Bank admitted it held sufficient funds of Mid-Western to satisfy the judgment.

Mid-Western, limiting its appearance, moved to quash the garnishment of its funds in Empire Bank and set aside the interlocutory and final judgments, contending, inter alia, the court had not made any determination of the amount due Williams from Mid-Western and there had been no

order directing Mid-Western to pay any sum into court. The motions were denied and this appeal followed.

In *Chenoweth v. La Master*, 342 S.W.2d 500 (Mo.App. 1961), a case written by the late Judge Ruark of this Court and involving a very similar factual setting, it was held that there should have been a finding of the amount due from the garnishee to the judgment debtor *and* an order upon the garnishee to pay in, and so discharge itself. "It is apparent on the face of the record that these necessary preliminaries to a final and general judgment were skipped over and ignored. Hence the irregularity is patent." Id. at 502, 503. The action of the trial court in setting aside the judgment was affirmed in *Chenoweth*.

Supreme Court Rule 90 [Garnishments and Sequestration] tracks Chapter 525 [Garnishments], RSMo 1978. Under both there must be a judicial determination that fixes the amount owing by the garnishee to the judgment debtor and an order (interlocutory judgment) requiring the garnishee to pay over unto the sheriff or into the court the amount of money owing by him to the judgment debtor, or give bond for retention of the same. Rules 90.07, 90.17, V.A.M.R.; §§ 525.070, 525.080, RSMo 1978; *Chenoweth*, supra; *Grimm v. Sinnett*, 567 S.W.2d 418 (Mo.App. 1978). "Thus it is incumbent upon the trial court to determine what amount the garnishee owed defendant, and in fact a judgment against a garnishee is void or irregular without a determination of the amount due from garnishee." *Grimm v. Sinnett*, supra at 421.

The record herein clearly shows the trial court "skipped over and ignored" the necessary preliminaries to a final and general judgment and, consequently, the judgment is premature and an irregularity to which Mid-Western's motion to set aside was specifically directed. *Chenoweth v. La Master*, supra.

The judgment of the trial court is reversed. The cause is remanded with directions to quash the garnishment to Empire Bank and set aside the judgment entered against Mid-Western Farms, Inc., and for further proceedings consistent herewith.

PREWITT, P. J., and HOGAN, J., concur.

MAUS, C. J., not participating.