Mary Kay BUTLER, Respondent,

v.

PHYSICIANS PLANNING SERVICE
CORPORATION, Appellants.

No. 51563.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1987.

Steven Milton Hamburg, Clayton, for appellants.

Charles M. M. Shepherd, Clayton, for respondent.

KAROHL, Judge.

In this garnishment proceeding the trial court refused to set aside the following judgment against Physicians Planning Service Corporation, a foreign corporation, Garnishee:

"Application of Plaintiff for default judgment called heard and sustained. Judgment for Plaintiff and against Defendant Physician's Planning Service Corp. for $51,531.50. Costs against Defendant."

On February 21, 1984, plaintiff Mary Kay Butler became a judgment creditor of Richard L. Butler in a dissolution proceeding. On February 5, 1985, she requested and received an execution and garnishment in aid of execution for unpaid child support and maintenance in the amount of $40,000, attorneys fees of $8,840 and costs of $2,682, a total of $51,522. Both service of summons on garnishee and service of plaintiff's interrogatories were accomplished in St. Louis County, Missouri, but garnishee failed to answer the interrogatories. Default judgment was entered on May 1, 1985. Garnishee was notified of the judgment by letter from counsel for plaintiff on January 16, 1986, and filed a motion to set aside the judgment on the authority of § 511.250 RSMo 1986 and Rule 74.32. These authorities permit a court to set aside a judgment for irregularity on motion filed within three years after the rendition thereof.

Garnishee appeals claiming the court abused its discretion in refusing to set aside the default judgment: (a) because the court never established subject matter jur-

isdiction by determining what, if any, amount of money was owed defendant Richard L. Butler and could not have entered (and did not enter) an order that such sum be paid to the sheriff or to the court; (b) it would be inequitable to hold garnishee liable to plaintiff absent proof of a sum due from garnishee to defendant Richard L. Butler when nothing was owed; and (c) the court erred in applying Rule 61.01(b) in granting a default judgment in a garnishment proceeding, but overlooked Rule 90.17 which specifically governs garnishment cases.

Before we reach garnishee's claims of error we must first determine whether the default judgment was a valid judgment. Garnishee was subject to garnishment on the authority of § 525.010 RSMo 1986 and Rule 90.02(a) solely because it was so named in writ of garnishment. No issue is raised before this court that garnishee was not properly served or that the plaintiff's interrogatories were not properly and timely served on garnishee. There is no dispute that it did not file answers to interrogatories which sought information from garnishee on property subject to garnishment. "In default of such answer, the plaintiff may take judgment by default against [garnishee], or the court may, upon motion, compel him to answer by attachment of his body." § 525.140 RSMo 1986. Where the garnishee is a corporation the attachment applies to named officers. "Such judgment by default may be proceeded on to final judgment, in like manner as in case of defendants in other civil actions; *but no final judgment shall be rendered against the garnishee ... for a greater amount than the garnishee shall appear to be liable for to the defendant.*" § 525.170 RSMo 1986 (our emphasis).

■ Both Chapter 525 and Rule 90 describe the procedures to be followed when interrogatories are answered and a trial is held. Under those circumstances the court shall find what property is held by the garnishee and its value, enter a pay-in order, and if not paid in or delivered, enter a judgment against the garnishee for the proper amount or value. § 525.200 RSMo

1986; Rule 90.17. Section 525.200 and Rule 90.17 require the court to find that garnishee possesses property of defendant and its value. It also requires an order that the property be paid to the sheriff or to the court. These findings and the order are prerequisites to entry of judgment against the garnishee for the proper amount or value as found in money. This section and rule apply to trials after interrogatories are answered and issues are joined. Section 525.170 RSMo 1986 controls a garnishment default judgment. There is no counterpart in Rule 90.

We review a default judgment that does not comply with § 525.170 RSMo 1986. Supreme Court Rule 90 no longer provides guidance or sets requirements where the garnishee defaults by failing to answer interrogatories. Rule 90 was substantially revised, effective January 1, 1981. Prior to revision there was a Rule 90.16 which was a counterpart to § 525.170 and provided that no final judgment be entered against a garnishee "for a greater amount than the garnishee shall appear to be liable for to the defendant." *See, Grimm v. Sinnett,* 567 S.W.2d 418, 421 (Mo.App.1978). In the *Grimm* case, this court affirmed an order setting aside a default judgment in a garnishment proceeding. The court cited former Rule 90.16 emphasizing the language of the Rule which prohibited a judgment for a greater amount than the garnishee shall appear to be liable for to the defendant. We there said:

"The liability of a garnishee is measured by its liability to defendant. *Tom Houlihan Men's Wear v. Wilkerson,* 407 S.W.2d 58, 60 [3] (Mo.App.1966). Thus it is incumbent upon the trial court to determine what amount the garnishee owed defendant, and in fact a judgment against a garnishee is void or irregular without a determination of the amount due from garnishee. *Chenoweth v. LaMaster,* 342 S.W.2d 500 [1] (Mo.App. 1961). Evidence must be adduced to affix the measure of damages. *Laughlin v. January,* 59 Mo. 383 (1875)."

Section 525.170 RSMo 1986 contains substantially the same language limiting the

amount of a default judgment in a garnishment proceeding reviewed in *Grimm* under the provisions of Rule 90.16, now withdrawn. We find our holding in *Grimm* applicable to the present case and find the default judgment is void or irregular unless the court first determines the amount due from garnishee, if any, to defendant Richard L. Butler. The reasoning and decision in *Grimm*, was directed to the same language that remains in the statute.

■ There is no record to indicate that any evidence was offered at the final judgment hearing to support the required finding or that the court made any determination that there was any property subject to garnishment on plaintiff's judgment against Richard L. Butler. The statute recognizes the difficulty of proof by a garnishor when a garnishee fails to answer interrogatories. Where the garnishor does not have personal knowledge of property subject to garnishment in the hands of the garnishee, the court may compel the garnishee, and in the case of a corporation, an officer of the garnishee, to answer interrogatories. § 525.140 RSMo 1986. The supporting proof need not come from answers to interrogatories, but there must be proof followed by a finding. The finding establishes the extent of the subject matter jurisdiction. Without a finding on the existence and value of property subject to garnishment the writ could not comply with this statutory limitation of the judgment.

*Shanks v. Williams*, 621 S.W.2d 372 (Mo.App.1981), written by Judge Billings, reversed a case where a trial court refused to set aside a default judgment for failure to answer interrogatories in a garnishment proceeding. Neither the interlocutory nor final judgment determined the amount, if any, the garnishee owed defendant judgment debtor, nor did either order require the garnishee to pay over to the sheriff or into the court the amount so found. The court there held that the record confirmed that the trial court "skipped over and ignored" the necessary preliminaries to a final and general judgment and, consequently, the judgment was premature and irreg-

ular. *Id.* at 373. *Shanks* adopted the language of *Grimm* in finding the judgment void or irregular without a determination of the amount due from garnishee. This judgment is void or irregular as a matter of law. Plaintiff argues that *Shanks* should be limited to those cases where plaintiff fails to give notice to the garnishee of the date of hearing. In the present case notice was given of the entry of an interlocutory judgment and of the date on which a final hearing would take place. Further, in the present case the individual who received service of summons in garnishment as "office manager" of garnishee appeared at the hearing represented by her personal counsel. We do not read *Shanks* to depend upon notice of hearing. The holding in *Shanks* is based upon the obligation of the trial court to make findings of the existence and value of property subject to garnishment which was not done. The liability of the garnishee is measured by its liability to the judgment debtor. *Bank of Ladue v. General Grocer*, 680 S.W.2d 949, 953 (Mo. App.1984). Unless the requisite findings are made, the liability of garnishee cannot be measured. *Grimm*, 567 S.W.2d 418, 421. The court failed to comply with the dictate of § 525.170 RSMo. 1978 that "no final judgment shall be rendered ... for a greater amount than the garnishee shall appear to be liable for to the defendant." The default judgment is void or irregular as a matter of law.

We reverse and remand for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.