Robert and Jane BEATTY, Appellants,

v.

William C. CONNER, et al., Defendants,

Illinois Insurance Exchange, Respondent.

No. WD 51209.

Missouri Court of Appeals,
Western District.

April 16, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 28, 1996.

Application to Transfer Denied
June 25, 1996.

Timothy W. Monsees, Kansas City, for Appellants.

Philip R. Holloway, Kansas City, for Respondent.

Before ULRICH, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This appeal comes to us from an intriguing procedural history which will be further set forth with the facts of the case. The case is an appeal from a successful attempt to set aside a default judgment. The issue before us is whether a default judgment entered for failure to answer interrogatories is void or merely irregular for purposes of Rule 74.06(b) when the plaintiff offers no proof that the garnishee owes a debt to the judgment debtor.

## FACTS

The appellants, Mr. and Mrs. Beatty, obtained a judgment against Entertainment Investment Corporation (EIC), the underlying defendant. Appellants issued a summons to respondent Illinois Insurance Exchange as garnishee and attached a set of interrogatories to the summons. Respondent failed to answer the interrogatories. Appellants subsequently obtained a default judgment against respondent. The judgment became final, but the court never made a determination of the amount due from the garnishee to the underlying defendant and it never required the garnishee to pay into court the amount due.[1] After more than a year had passed, appellants attempted to execute on the default judgment.

Because more than a year had passed since the entry of the default judgment, respondent filed a motion to set aside the default judgment under Rule 74.06(b) and (c) claiming that the judgment was void. The trial court sustained respondent's motion. This appeal followed.

## I.

Point I asserts the trial court erred in sustaining respondent's motion to set aside the default judgment because the court lacked jurisdiction to do so after more than a year had passed since the entry of the default judgment. Appellants contend that the default judgment was merely irregular under Rule 74.06(b)(3) and not void.

■ Our standard of review is limited to whether the record convincingly indicates an abuse of the broad discretion which is vested in the trial court when ruling on a Rule 74.06 motion. *Jeffries v. Jeffries*, 840 S.W.2d 291, 293 (Mo.App.1992).

Respondent was subject to garnishment pursuant to § 525.010, RSMo 1994, because

---

1. Respondent asserts that it has never owed any debt to EIC and that a declaratory judgment action in a Texas circuit court ruled accordingly. The record on appeal contains an order from a Texas court dismissing respondent from a declar- atory judgment action, but we have no record of what was actually litigated in that case. We do not find that there is no debt owing, but rather treat the issue as one not addressed by the trial court and still in need of a resolution.

it was named as garnishee in the writ. Although respondent does not admit to being properly served with the summons, the record shows that the statutory procedures were followed and the summons was signed by someone at respondent's office. Respondent does admit that it did not file its answers to the interrogatories which were sent along with the summons until after filing its motion to set aside the default judgment, approximately two and one-half years later.

█ By failing to answer the interrogatories, respondent subjected itself to the entry of a default judgment. Section 525.140, RSMo 1994, states in part, "[i]n default of such answer [to interrogatories], the plaintiff may take judgment by default against him .…" Section 525.170, RSMo 1994, goes on to say:

> [s]uch judgment by default may be proceeded on to final judgment, in like manner as in case of defendants in other civil actions; but no final judgment shall be rendered against the garnishee until there shall be final judgment against the defendant, and in no case for a greater amount than the amount sworn to by the plaintiff, with interest and costs, or for a greater amount than the garnishee shall appear to be liable for to the defendant.

Appellants never alleged on the record that respondent owed a debt to the underlying defendant or possessed any property belonging to the underlying defendant. Because of the complete absence of any such allegation on the record, garnishee could not have appeared to be liable for any amount to the defendant.[2] The trial court's failure to adhere to the dictates of the statute was error. *Butler v. Physicians Planning Serv. Corp.*, 724 S.W.2d 334, 336 (Mo.App.1987). Such error would have been a clear basis for sustaining a motion to set aside the default judgment under Rule 74.05(d) had it occurred within a year of the entry of judgment. However, a more detailed analysis of

the classification of this error is necessary since more than a year elapsed between the entry of default judgment and the motion to set aside the judgment pursuant to Rule 74.06(b). We must decide the nature of the trial court's error.

Rule 74.06(b) classifies the type of errors which may form the basis for setting aside a final judgment. It provides the following classifications:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (3) the judgment is irregular;
>
> (4) the judgment is void; or
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Appellants argue the judgment is irregular under subsection (3), not, as the trial court and respondents contend, void under subsection (4). The significant difference between these two classifications for purposes of this appeal is found in Rule 74.06(c). Rule 74.06(c) requires that all motions must be brought within a reasonable time, but must be brought not more than a year after the judgment is entered if irregular, whereas reasonableness is the only standard if the judgment is void. Therefore, if this judgment is irregular, it is time-barred from being set aside, but if it is void, it may be set aside if the motion was filed within a reasonable time.

█ An irregular judgment for purposes of Rule 74.06(b) is defined as a judgment that is "materially contrary to an established form and mode of procedure for the orderly ad-

---

**2.** The statute [§ 525.140] recognizes the difficulty of proof by a garnishor when a garnishee fails to answer interrogatories. Where the garnishor does not have personal knowledge of property subject to garnishment in the hands of the garnishee, the court may compel the garnishee, and in the case of a corporation, an officer of the garnishee, to answer interrogatories. The supporting proof need not come from answers to interrogatories, but there must be proof followed by a finding. *Butler v. Physicians Planning Serv. Corp.*, 724 S.W.2d 334, 336 (Mo.App.1987) (citation omitted).

ministration of justice. An irregularity must render the judgment contrary to a proper result. The rule reaches only procedural errors which, if known, would have prevented entry of a judgment." *Burris v. Terminal R.R. Ass'n,* 835 S.W.2d 535, 538 (Mo.App. 1992) (citations omitted). A void judgment, on the other hand, is defined as:

> [o]ne which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and at any place directly or collaterally. One which, from its inception is and forever continues to be absolutely null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process.

*K & K Investments, Inc. v. McCoy,* 875 S.W.2d 593, 596 (Mo.App.1994) (quoting Black's Law Dictionary, 1574 (6th ed.1990)).

Precedent clearly establishes that the judgment here is at least irregular. In *Chenoweth v. La Master,* 342 S.W.2d 500 (Mo. App.1961), the court held that a default judgment could not be a final judgment because the trial court had not determined the amount which the garnishee appeared to owe to the underlying defendant and had not been ordered by interlocutory judgment to pay such amount into the court or post bond for retention of the same. *Id.* at 501. This omission resulted in a judgment which was "premature and void, or at least irregular." *Id.* The facts of *Chenoweth* were similar to the case at hand, except that the motion to set aside was brought within one year's time.

Two cases subsequent to *Chenoweth* with substantially similar facts to that case also held that a final default judgment entered without a determination of the amount owed by the garnishee to the judgment debtor and an order to pay that amount into the court rendered the judgment "void or irregular." *Butler v. Physicians Planning Serv. Corp.,* 724 S.W.2d 334, 336 (Mo.App.1987); *Shanks v. Williams,* 621 S.W.2d 372, 373 (Mo.App.

1981). Because the motions to set aside in *Butler* and *Shanks* were brought within permissible time periods to set aside the judgment as irregular, there was no need to determine which of the two, void or irregular, the judgment was actually rendered. However, *Shanks* did conclude "the judgment is premature and an irregularity to which [appellant's] motion to set aside was specifically directed." *Shanks,* 621 S.W.2d at 373.

Finding no definitive answer to the question whether the judgment is void or irregular, we return to *Chenoweth* and the cases that court relied on. *Chenoweth* offered a string cite of cases it relied on in supporting its proposition that the judgment was void or irregular. Further into the opinion, the court states in obvious reference to its string cite that "the final judgment rendered against the garnishee was void or irregular (depending upon which opinion is followed) ...." *Chenoweth,* 342 S.W.2d at 502. Upon reviewing these cases and subsequent ones, we find that Missouri courts have become accustomed to using the terms "void" and "irregular" seemingly interchangeably (*Shanks* and *Butler*), or at the very least have failed to draw a meaningful distinction between the two terms in situations similar to the facts of the present case. *See, e.g., Roberts v. Meek,* 45 S.W.2d 537, 538 (Mo. App.1931) (holding the judgment "premature," citing one case holding the judgment void and another holding the judgment irregular); *Gilbert v. Malan,* 231 Mo.App. 469, 100 S.W.2d 606, 616 (1937) (pled as void, ruled irregular without explanation); *Ralston Purina Co. v. King,* 101 S.W.2d 734, 735 (Mo.App.1937) (judgment held "premature").

*Chenoweth* relied in part on *Walkeen Lewis Millinery Co. v. Johnson,* 130 Mo.App. 325, 109 S.W. 847 (1908) for the proposition that a final default judgment entered without also entering an order to the garnishee to deposit the amount owed the judgment debtor into the court is irregular. In *Walkeen,* the court stated, "[i]t is clearly a case of irregular procedure as contra-distinguished from an erroneous judgment, which is a judgment, although regularly rendered, given contrary to law." *Id.,* 109 S.W. at 849. The judgment was irregular because "it was a

judgment given contrary to the course of the law, as pointed out by the statute, and for the reason of a want of adherence to the prescribed rule of procedure." *Id.*

The case cited by *Chenoweth* for the proposition that a final default judgment entered without an order to pay the amount owed into the court constitutes a void judgment is *Panagos v. General Cigar Co.,* 268 S.W. 643 (Mo.App.1925). In *Panagos,* the default judgment was entered by a court of the justice of the peace. *Id.* at 644. The court stated, "[t]he court of a justice of the peace is one of limited jurisdiction, and the record must show existing jurisdictional facts for rendition of judgment." *Id.* at 645. Because the judgment failed "to recite the necessary fact that the garnishees were ordered to pay the funds found to be owing by them to defendant to the court," the default judgment was "void on its face." *Id.* We were unable to find a Missouri case clearly finding the judgment void where the trial court was a court with general jurisdiction.

Because the cases fail to adequately delineate the boundaries of void and irregular judgments in this context, we return to the definitions of each cited above. Respondent contends that jurisdiction over the *res* is established by ordering the garnishee to pay what is owed to the court, citing *Fulkerson v. Laird,* 421 S.W.2d 523 (Mo.App.1967); *Blanton v. United States Fidelity & Guar. Co.,* 680 S.W.2d 206 (Mo.App.1984). However, those cases clearly state that adherence to the rules and statutes governing a garnishment proceeding, specifically notice of the garnishment proceeding by summons, is what establishes in *rem* jurisdiction. *Fulkerson,* 421 S.W.2d at 525 ("*[n]otice of garnishment . . .* is the means by which the jurisdiction of the court is established over the *res* "); *Blanton,* 680 S.W.2d at 208 ("the *summons* and *notice* to the *garnishee* are essential to provide jurisdiction of the court over the res").

■ We hold that the two terms overlap in some instances, but there remain significant differences between a void judgment and an irregular judgment. An irregularity is a timing or procedural issue, *Burris,* 835 S.W.2d at 538, while a void judgment is a

jurisdictional issue. *Brown v. Brown,* 878 S.W.2d 94, 98 (Mo.App.1994). However, we find both a timing problem and a jurisdiction problem in the case before us. Due to the nature of garnishment proceedings, the timing problem in this case (failure to order the garnishee to deposit funds into the court before finalizing the judgment) created a jurisdictional problem. Had the trial court first determined the amount of the debt owed, neither the timing issue nor the extent of jurisdiction exercised would be a problem. We conclude that the entry of default judgment in this case is both void and irregular.

■■ Although there was no initial jurisdictional problem when the trial court held the garnishees in default, a jurisdictional problem arose when the judgment was made final without determining the existence of the *res,* i.e., finding how much the garnishee owed to the underlying defendant, and entering an interlocutory order to pay that amount into the court. The finding and interlocutory order are what establish the *extent* of the subject matter jurisdiction. *Butler,* 724 S.W.2d at 336. Thus, this is not an issue of the court failing to determine proper jurisdiction before it began, rather this is an issue of the trial court exceeding its jurisdiction. "A garnishment action is a proceeding in rem." *Blanton,* 680 S.W.2d at 208. The court's jurisdiction over the *res* cannot be waived or conferred by consent. *Id.* Jurisdiction in a garnishment proceeding is extended as it proceeds by following the dictates of the statute. *See State ex rel. Bagnell Inv. Co. v. Luten,* 647 S.W.2d 539, 541 (Mo. banc 1983) (compliance with statutes and rules "essential to [both] confer and support jurisdiction"). The court below obtained jurisdiction by notice to determine if a debt was owing, but until such determination was made and the *res* ordered to be brought before the court, the trial court lacked the jurisdiction to enter a final judgment against respondent. *Butler,* 724 S.W.2d at 335.

■ Based on the foregoing analysis, we find the trial court did not abuse its discretion in finding that it had exceeded its jurisdiction by entering a final default judgment

without making a finding of the amount owed by respondent to EIC and ordering it to pay this amount nto the court. Strict compliance with the rules and statutes governing garnishment actions is essential to confer and support jurisdiction in such a proceeding. *State ex rel. Bagnell,* 647 S.W.2d 539, 541 (Mo. banc 1983). While irregular judgments and void judgments have distinct differences, garnishment proceedings, being in *rem* in nature, present a rare instance when the meaning of irregular judgments and void judgments overlap.

 The only hurdle remaining is whether respondent's motion to set aside the default judgment was filed within a reasonable time to satisfy the requirement of Rule 74.06(c). Considering the time delays utilized by appellants before pursuing execution on this judgment, and given the high standard of review, we are unable to find that the trial court abused its discretion in determining that this motion was brought within a reasonable amount of time pursuant to Rule 74.06(c).

We, therefore, must affirm the trial court's decision to set aside the default judgment because it lacked jurisdiction to enter final judgment against respondent. Point denied.

## II.

Point II asserts the trial court erred in setting aside the default judgment because the court did not first make a finding of both just cause and a meritorious defense pursuant to Rule 74.05(d). We find this point meritless because the record demonstrates that respondent's motion to set aside the default judgment was filed under Rule 74.06(b), not Rule 74.05(d). Accordingly, the prerequisites to obtaining relief under Rule 74.05(d) are not applicable in this case. We find the cases cited by appellant (*Garner— Roe v. Anderson,* 894 S.W.2d 223 (Mo.App. 1995); *Orrock v. Crouse Realtors, Inc.,* 813 S.W.2d 929 (Mo.App.1991)) to argue that a motion to set aside a default judgment filed under Rule 74.06(b) must also meet the prerequisites of Rule 74.05(d) are inapposite. Point denied.

## CONCLUSION

We affirm the order of the trial court setting aside the default judgment because the order making the default judgment final was void.

All concur.