190 S.W.3d 447 (2006)
NORTHWEST PROFESSIONAL CONDOMINIUM ASSOCIATION, Plaintiff/Respondent,
v.
Tshiswaka KAYEMBE, Defendant, and
Midwest Health Professionals, Garnishee-Defendant/Appellant.
No. ED 86289.
Missouri Court of Appeals, Eastern District, Division Three.
March 28, 2006.
Motion for Rehearing and/or Transfer Denied May 4, 2006.
Spencer Paresh Desai, Ryan J. Mason, Co-Counsel, St. Louis, for appellant.
Nelson Lewis Mitten, Clayton, for respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied May 4, 2006.
BOOKER T. SHAW, Judge.
Midwest Health Professionals ("Garnishee") appeals from the trial court's judgment denying its motion for "Relief from an Irregular and Void Judgment" pursuant to Rule 74.06(b). Garnishee sought to set aside a default judgment because the amount awarded to Northwest Professional Condominium Association ("Garnishor") was in excess of the amount Garnishee was liable to Tshiswaka Kayembe ("Employee").[1] We reverse and remand for proceedings consistent with this opinion.

Facts and Procedural History
A judgment was entered in favor of Garnishor and against Employee in the amount of $53,318.60 on June 27, 2002. On December 10, 2003, a garnishment was issued to Garnishee returnable March 9, 2004. Garnishee failed to respond or answer the garnishment and interrogatories, due ten days after the return date of the garnishment. Garnishor filed a Motion to Compel, and Garnishee failed to appear at the hearing. An Order to Compel was entered on June 1, 2004. Garnishor sent a certified letter, with a copy of this Order to Garnishee, again, advising Garnishee *448 that it had ten days to respond to the interrogatories. Garnishee failed to answer the interrogatories and Garnishor filed a Motion for "Judgment Against Garnishee" on June 21, 2004. Garnishee sought the entire unpaid balance of the judgment against Employee in the amount of $63,787.73. On September 7, 2004, a hearing was held on this Motion. Counsel for Garnishee entered his appearance. At this hearing, Garnishee was given leave to file a response to Garnishor's breakdown of the judgment and Garnishor's memorandum in support of the motion.[2] Garnishee, again, failed to answer the interrogatories or respond to Garnishor's breakdown of the judgment or memorandum. On September 10, the trial court entered a judgment against Garnishee in the amount of $64,161.30, which included the amount of Garnishor's underlying judgment against Employee and attorney's fees. On March 17, Garnishee filed a motion entitled "Motion for Relief From an Irregular and Void Judgment," pursuant to Rule 74.06(b), which was ultimately denied.[3] This appeal follows.

Analysis
Our standard of review is limited to whether the "record convincingly indicates an abuse of the broad discretion which is vested in the trial court when ruling on a Rule 74.06 motion." Jeffries v. Jeffries, 840 S.W.2d 291, 293 (Mo.App. E.D.1992). Garnishee's sole issue on appeal is that the trial court erred in entering a default judgment in favor of Garnishor because the trial court did not first determine the amount Garnishee owed to the Employee. We agree.
In a similar case, our Court held that "[a] default judgment is void or irregular unless the court first determines the amount due from garnishee, if any, to defendant. . . ." Butler v. Physicians Planning Service Corp., 724 S.W.2d 334, 336 (Mo.App. E.D.1987). In Butler, wife received an execution and garnishment against husband for unpaid child support, but garnishee failed to answer the interrogatories. Id. at 334. A default judgment was entered against garnishee. Id. Garnishee appealed and claimed the judgment was erroneously entered "absent proof of a sum due from garnishee to husband." Id. at 335. This Court agreed. We analyzed the statutes and rules governing garnishment procedures, specifically Section 525.170, RSMo 1986, and former Rule 90.16.[4]
Section 525.170, RSMo 2004,[5] states the following:
Such judgment by default may be proceeded on to final judgment, in like manner as in case of defendants in other civil actions; but no final judgment hall be rendered against the garnishee until there shall be final judgment against the *449 defendant, and in no case for a greater amount than the amount sworn to by the plaintiff, with interest and costs, or for a greater amount than the garnishee shall appear to be liable for to the defendant.

(Emphasis added). We find Section 525.170 controlling here. This finding is consistent with our caselaw and Missouri Supreme Court Rule 90.08. See Butler, 724 S.W.2d at 334; Beatty v. Conner, 923 S.W.2d 455 (Mo.App. W.D.1996); Rule 90.08.
Garnishor, however, argues that the enactment of Rule 90.08 in 1999 and Section 525.140, by implication, eliminate the conditions of Section 525.170, thereby allowing Garnishor to obtain a default judgment for the entire amount of the underlying judgment. Garnishor contends that the rationale in Butler can no longer be followed because Rule 90.08 was not in effect at the time Butler was decided. Rule 90.08 states:
If the garnishee fails to answer or improperly answers interrogatories, the court shall, upon motion, order the garnishee to answer or properly answer the interrogatories. Failure of the garnishee to comply with such an order may, upon motion of the garnishor or the court, subject the garnishee to a finding that the garnishee is in default, and the garnishor may take judgment by default against the garnishee.
When a garnishee files interrogatory answers after having been so ordered by the court, the garnishor shall be allowed to file exceptions to such answers in the same manner as provided by Rule 90.07(c).
Section 525.140 states the following:
Upon the filing of the interrogatories aforesaid, the garnishee shall exhibit and file his answer thereto, on oath, within six days thereafter, if the term shall so long continue, if not, during such term, unless for good cause shown the court shall order otherwise. In default of such answer, the plaintiff may take judgment by default against him, or the court may, upon motion, compel him to answer by attachment of his body; provided, in all cases where the garnishee is a corporation and fails to answer as above provided, the court may, upon motion, compel said corporation to answer by attaching the body of the president, secretary, treasurer, auditor, paymaster or deputy paymaster of such corporation, in which case the said corporation shall be liable for all the costs accruing by reason of such attachment.
We disagree with Garnishor. Garnishor seeks to have this Court interpret Rule 90.08 and Section 525.140, without regard to Section 525.170. However, a statute pertaining to a procedural matter which is not inconsistent with any supreme court rule, shall be enforced. See State ex rel. Kinsky v. Pratte, 994 S.W.2d 74, 76 (Mo. App. E.D.1999). Although we disapprove of Garnishee's conduct, this Court would be in error to interpret this Rule as granting a new right to garnishors or altering a substantive right of garnishees.
Rule 90.08 was promulgated by the Missouri Supreme Court pursuant to its authority under the Missouri Constitution. Article V, Section 5 reads in pertinent part: "The [S]upreme [C]ourt may establish rules relating to practice, procedure and pleading for all courts . . . which shall have the force and effect of law. The rules shall not change substantive rights. . . ." Mo. Const., Art. V, Section 5 (1945). The rules adopted by the Missouri Supreme Court supercede all statutes and court rules inconsistent therewith. See Rules 19.02 and 41.02. The Missouri Supreme Court has distinguished procedural law *450 and substantive law in the context of its authority as follows:
Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.
Kinsky, 994 S.W.2d at 76 (quoting Wilkes v. Missouri Highway and Transportation Commission, 762 S.W.2d 27, 28 (Mo. banc 1988)).
Here, Rule 90.08 and Sections 525.140 and 525.170 can be construed together and each can be given effect. See Kinsky, 994 S.W.2d at 76. Rule 90.08 creates a procedure to enforce garnishor's rights in a garnishment proceeding. It does not create a new substantive right. Rule 90.08 is a counterpart to Section 525.140. Section 525.140 and Rule 90.08 do not by implication, or otherwise, dispense with the requirements of Section 525.170. "If by any fair interpretation both [statutes] can stand, there is no repeal by implication and both should be given effect." Dillen v. Remley, 327 S.W.2d 931, 935 (Mo.App. 1959). Section 525.140 and Rule 90.08 relate to the time frame for a garnishee to file his answers and, most importantly, allow the trial court to compel answers from the garnishee. This Statute and Rule further provide that when garnishee fails to answer, the trial court may enter a default judgment. When a garnishee fails to answer and a trial court enters a default judgment, Section 525.170 sets forth the parameters of "such judgment by default." It informs the trial court that no default judgment may be rendered final until certain conditions are met. Those conditions are that there must be a final judgment against the garnishee, and the judgment must "in no case [be] for an amount greater than the amount sworn to by plaintiff" or a "greater amount than the garnishee shall appear to be liable to defendant." See Section 525.170.

Conclusion
The trial court did not err in entering a default judgment against Garnishee. However, such judgment could not be rendered as final until the trial court determined the amount Garnishee was liable to Employee. Further, the record reveals that Garnishee concedes that a judgment should have been entered against it, in amounts calculated under Section 525.030.[6] Therefore, we reverse and remand for the trial court to determine the proper amount of the default judgment pursuant to Section 525.030 and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY J., concur.
NOTES
[1] Employee was also a shareholder of Garnishee.
[2] The record on appeal does not contain a transcript of this hearing.
[3] Because the motion for relief filed by Garnishee was filed within both a year and a reasonable time, this Court will not delve into the distinction between a "void" and "irregular" judgment. For a lengthy discussion regarding this distinction, see Beatty v. Conner, 923 S.W.2d 455, 458 (Mo.App. W.D.1996) (analyzing the distinction between the two judgments and noting that there is no need to delineate which type of judgment was actually rendered when the motion was brought within permissible time periods for either).
[4] Section 525.170, RSMo 1986 has not been amended. Rule 90.16 tracked the language of Section 525.170, RSMo 1986 and was repealed in the 1981 revision of the Rule. Notably, the Court still relied upon the Rule in its analysis as being a counterpart to Section 525.170. In 1999, Rule 90.08 was enacted.
[5] All further statutory references are to RSMo 2004, unless otherwise indicated.
[6] Section 525.030 is the statute whereby the amount of wages to be withheld are calculated.